*1032 TEXTO COMPLETO DE LA SENTENCIA
Desarrolladora del Norte h/n/c Gran Meliá Puerto Rico (Gran Meliá) comparece ante este Foro para solicitarnos la revisión de una resolución emitida por la Oficina de Mediación y Adjudicación del Departamento del Trabajo (OMA) el 14 de enero de 2009 y notificada a las partes ese mismo día. En dicha resolución, la OMA ordenó la anotación de rebeldía de Gran Meliá y le impuso el pago de ocho mil seiscientos diez dólares con cuarenta y cuatro centavos ($8,610.44) como indemnización por el despido injustificado del Sr. David Álvarez López.
Por las razones que exponemos a continuación, revocamos la resolución recurrida.
Veamos brevemente los hechos que dieron lugar al recurso que hoy nos ocupa.
I
Según surge del expediente, el Sr. Álvarez López presentó una querella ante la OMA contra su patrono el 7 de diciembre de 2007. Alegó que fue despedido de su empleo sin justa causa el 27 de junio de 2007 y reclamó la suma de ocho mil seiscientos diez dólares con cuarenta y cuatro centavos ($8,610.44) como indemnización por despido injustificado.
Ante tal proceder, la OMA emitió una notificación de una vista de mediación pautada para el 5 de *1033 diciembre de 2007. En dicho escrito, la OMA le notificó a Gran Meliá sobre la querella presentada en su contra y sobre la cantidad reclamada por el Sr. Alvarez López. Surge del expediente que las partes no pudieron llegar a un acuerdo satisfactorio que pusiera fin a la controversia planteada durante la vista de mediación ante la OMA.
Así las cosas, el 25 de noviembre de 2008, la OMA notificó a las partes de una vista administrativa pautada para el 20 de enero de 2009. Dicha notificación fue acompañada de una copia de la querella y se incluyó la siguiente advertencia:

“La parte contra quien se radicó la querella presentará la contestación a la misma, dentro de los diez (10) días siguientes a su recibo; en caso de no hacerlo, la OMA podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle. ”

Del expediente se desprende que la vista administrativa fue pospuesta para el 19 de febrero de 2009. Además, se desprende que el Sr. Alvarez López presentó una moción ante la OMA el 23 de diciembre de 2008 solicitando la anotación de rebeldía de Gran Meliá según lo establecido por la Regla 5.6 del Reglamento de Procedimientos de Mediación y Adjudicación, Reglamento Núm. 7019 del 11 de agosto de 2005 (Reglamento de la OMA). En dicha moción, el Sr. Alvarez López alegó que Gran Meliá no había presentado su contestación a la querella dentro del término dispuesto por el reglamento administrativo. Por tal razón, solicitó que se admitiera como ciertas todas las alegaciones y las cuantías reclamadas en la querella.
Ante tales alegaciones, Gran Meliá presentó su contestación a la querella el 7 de enero de 2009. Además, ese mismo día, Gran Meliá presentó un escrito en oposición a la moción presentada por el Sr. Alvarez López.
Mediante una resolución emitida y notificada a las partes el 14 de enero de 2009, la OMA determinó que Gran Meliá presentó su contestación a la querella luego de transcurrido el término de diez (10) días desde su notificación según lo establecido por las Reglas 5.5 y 5.6 del Reglamento de la OMA. Dicho organismo administrativo anotó la rebeldía de Gran Meliá y admitió como ciertas todas las alegaciones contenidas en la querella. Concluyó, además, que Gran Meliá había renunciado a la presentación de sus defensas afirmativas y le ordenó el pago de ocho mil seiscientos diez dólares con cuarenta y cuatro centavos ($8,610.44) como mesada por concepto de despido injustificado.
El 21 de enero de 2009, Gran Meliá presentó una moción de relevo de resolución conforme a lo dispuesto por la Regla 9 del Reglamento de la OMA solicitando la reconsideración de la resolución recurrida. Alegó que no se presentó la contestación a la querella dentro del término establecido por el reglamento administrativo debido a un error involuntario de su representación legal.
De los documentos que obran en el expediente administrativo no surge ningún señalamiento emitido por la OMA respecto a la moción en solicitud de relevo de resolución presentada por Gran Meliá. Oportunamente, Gran Meliá acude ante este Foro y señala la comisión de los siguientes errores:

“Erró la OMA al emitir una resolución sumaria que es contraria a las disposiciones de la sección 3.7 de la LPAU y al anotar la rebeldía, afectando el derecho a un debido proceso de ley que cobija a la Querellada-Recurrente y a pesar de que ésta compareció a los procedimientos ante dicha agencia y a que presentó su defensa en los méritos.

Erró la OMA al no conceder el derecho a reconsiderar y al reducir el término jurisdiccional de este Tribunal para acudir en revisión de la resolución sumaria emitida. ”

Luego de presentado el recurso de revisión, concedimos un término de treinta (30) días a los recurridos para que presentaran su alegato en oposición. Al día de hoy, no hemos recibido su alegato, por lo que este Tribunal *1034 procede a resolver sin el beneficio de su comparecencia.
II
La Ley Núm. 384 de 17 de septiembre de 2004, 3 L.P.R.A. see. 320 et seq., es la ley habilitadora que crea la OMA y le confiere jurisdicción para atender las reclamaciones laborales mediante un procedimiento administrativo de adjudicación conforme a lo establecidas por la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. see. 2101 et seq.
El Artículo 1 de la Ley Núm. 384, supra, establece que la OMA tendrá jurisdicción concurrente con el Tribunal de Primera Instancia, a opción del querellante en las materias de su jurisdicción y emitirá sus decisiones o resoluciones conforme a la ley y la L.P.A.U. Dicha ley le otorga a la OMA la facultad de conciliación y adjudicación sobre las querellas por despido injustificado en las cuales no se reclame indemnización de daños y perjuicios y otras causales separadas al derecho de mesada. Id.
Conforme a establecido por el Artículo 1 de la Ley Núm. 384, supra, la OMA deberá citar a las partes a una vista de conciliación dentro de veinte (20) días del recibo de la querella. Si las partes no llegan a un acuerdo satisfactorio, se dará por concluido dicho trámite y el caso seguirá ante un oficial examinador o Juez Administrativo. Id. '■
De otra parte, los Artículos 1.2 y 1.3 del Reglamento de la OMA establecen que el Secretario del Trabajo y Recursos Humanos en virtud de las facultades concedidas por la L.P.A.U.; la Ley Núm. 384, supra, y la Ley Núm. 15 de 14 de abril de 1931, 3 L.P.R.A. 304 et seq., y la Ley Núm. 2 del 17 de octubre de 1961, 32 L.P.R.A. see. 3118, ef seq., promulgó el Reglamento de la OMA en aras de regular los procedimientos administrativos de mediación, conciliación y adjudicación de las disputas y controversias laborales iniciadas ante el Departamento del Trabajo y Recursos Humanos en las materias bajo su jurisdicción.
En relación al procedimiento administrativo de la notificación de la querella, la Regla 5.4 del Reglamento de la OMA establece que la querella se notificará por escrito a los querellados o a sus representantes autorizados, disponiéndose además la fecha, hora y lugar de la vista adjudicativa. La notificación deberá incluir una copia de la querella y sus anejos, así como un apercibimiento a las partes de las medidas y sanciones en caso de que una parte no comparezca a la vista administrativa.
En lo pertinente, la Regla 5.4 (b) del Reglamento de la OMA establece que la notificación de la querella y la vista adjudicativa deberá informarle al querellado lo siguiente:
“b. Orden al querellado de que deberá contestar la querella en el término de diez (10) días bajo apercibimiento de que se podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle. ” (Énfasis nuestro).
Cónsono con lo anterior, la Regla 5.5 del Reglamento de la OMA concede a la parte querellada un término de diez (10) días desde la notificación de la querella para presentar su contestación por escrito y deberá incluir sus defensas, objeciones y todo documento en apoyo a las mismas. Dicha regla establece que la parte querellada podrá solicitar una prórroga dentro del término de diez (10) días establecidos para presentar su contestación, si posee justa causa para ello.
En aquellas instancias en las cuales el querellado no presenta su contestación a la querella dentro del término establecido, la Regla 5.6 del Reglamento de la OMA dispone lo siguiente:
“Si el querellado no presenta su contestación a la querella en la forma y término dispuesto en la Regla 5.5, el Juez Administrativo emitirá resolución contra el querellado y esta resolución será final, disponiéndose que *1035 podrá recurrir al Tribunal de Apelaciones dentro de los diez (10) días siguientes a la notificación de la resolución para que se revisen los procedimientos.” (Énfasis nuestro).
Por otro lado, es norma conocida que las Reglas de Procedimiento Civil no aplican automáticamente a los procedimientos administrativos. Pérez v. VPH Motor Corp., 152 D.P.R. 475, 484 (2000). Sin embargo, reiteradamente, el Tribunal Supremo ha resuelto que nada impide que en casos apropiados se adopten normas de las Reglas de Procedimiento Civil para guiar el curso del proceso administrativo, cuando las mismas no sean incompatibles con dicho proceso y propicien una solución justa, rápida y económica. Hosp. Dr. Domínguez v. Ryder, 161 D.P.R. 341, 346 (2004).
A tenor con lo anterior, la Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 45.1, regula lo pertinente a la anotación de rebeldía. Dicha sanción esta reservada para aquellos casos en los cuales el demandado no ha cumplido con el requisito de comparecer a contestar una demanda, no ha presentado sus defensas en otra forma prescrita por ley o cuando una de las partes ha incumplido con algún mandato del tribunal. Alamo Pérez v. Supermercados Grande, Inc., 158 D.P.R. 93, 100 (2002).
Como norma general, el trámite en rebeldía tendrá como consecuencia jurídica de que se estimen aceptadas todas y cada una de las materias bien alegadas en la demanda. Alamo Pérez v. Supermercados Grande, Inc., supra, a la pág. 101; Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815 (1977). Ello no garantiza, sin embargo, que la parte demandante habrá de obtener una sentencia favorable, dado que el trámite en rebeldía no priva al tribunal de evaluar si en virtud de los hechos no controvertidos existe efectivamente una causa de acción que amerite la concesión de un remedio. Ocasio v. Kelly Servs. Inc., 163 D.P.R. 653, 671-672 (2005); Álamo v. Supermercados Grande, Inc., supra, a la pág. 102; Hernández v. Espinosa, 145 D.P.R. 248, 272 (1998), citando a Continental Ins. Co. v. Isleta Marina, supra, a la pág. 817.
El Tribunal Supremo ha establecido que los jueces no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 931 (1996); Continental Ins. Co. v. Isleta Marina, supra, a la pág. 815. Al dictarse una sentencia en rebeldía, las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante o querellante. Además, los daños generales y las sumas no líquidas reclamadas tienen que probarse. En todo caso, la cuantía de los daños debe ser objeto de prueba y no es suficiente simplemente alegar en la querella que los daños suman la cantidad reclamada. Hernández v. Espinosa, supra, a la pág. 271; Rivera v. Insular Wire Products Corp., supra, a las págs. 930-931.
Es decir, si para dictar una sentencia en rebeldía le es necesario al tribunal comprobar la veracidad de cualquier alegación o hacer una investigación sobre cualquier otro asunto o sea necesario exigir evidencia para determinar el importe de los daños, entonces el tribunal viene obligado a celebrar las vistas que estime necesarias y adecuadas. Ocasio v. Kelly Servs. Inc., supra, a las págs. 667-668; Álamo v. Supermercados Grande, Inc., supra, a la pág. 102; Ruiz v. Col. San Agustín, 152 D.P.R. 226, 236 (2000); Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 577-578 (1997).
En atención a la fuerte política pública de que los casos se ventilen en sus méritos, no se favorece la adjudicación de las controversias mediante el mecanismo de la rebeldía por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas. Esto es así, porque dicho mecanismo priva a un litigante de su día en corte y tal medida sólo se debe reservar para casos extremos en los cuales no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas. Nazario Morales, Rivera Vargas v. AEE, 172 D.P.R. _, 2008 J.T.S. 3; Banco Popular v. S.L.G. Negrón, 164 D.P.R. _, 2005 J.T.S. 84; Ghigliotti v. Administración de Servicios Agrícola, 149 D.P.R. 902, 915 (1999). Garriga Gordils v. Maldonado, 109 D.P.R. 817, 822 (1980).
*1036 El Tribunal Supremo ha resuelto que el incumplimiento con el trámite procesal por una parte debe ser castigado primeramente mediante la imposición de sanciones económicas. La sanción extrema de la desestimación o la anotación de rebeldía debe estar reservada para aquellas situaciones donde no exista duda sobre la falta de interés o contumacia de la parte y se hayan agotado otras alternativas. Mun. de Arecibo v. Almac. Yakima, 154 D.P.R. 217, 222-223 (2001); Valentín v. Mun. de Añasco, 145 D.P.R. 887, 895-896 (1998); Amaro González v. First Fed. Savs., 132 D.P.R. 1042, 1054 (1993); Dávila v. Hosp. San Miguel, Inc., 117 D.P. R. 807, 814 (1986); Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982).
Planteada ante un tribunal una situación en las que amerita la imposición de una sanción, éste debe imponer, en primer término, las mismas al abogado de la parte, y si dicha acción no produce frutos positivos, procederá la imposición más severa de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después que la parte haya sido debidamente informada y apercibida de las consecuencias que puede tener el que la misma no sea corregida. Maldonado v. Srio de Rec. Natulares, supra a la pág. 498.
A tono con lo anterior, la sección 2170a de la LPAU contiene los principios anteriormente discutidos y establece las sanciones que la agencia en su función cuasi judicial puede imponerle a una parte que incumple con las disposiciones del reglamento administrativo. En lo pertinente, la sección 3.21 de la LPAU, 3 L.P.R.A. sec. 2170a, establece lo siguiente:

“(a) Si el promovent'e de una acción, o el promovido por ella, dejare de cumplir con las reglas y reglamentos o con cualquier orden del jefe de la agencia, del juez administrativo o del oficial examinador, la agencia a iniciativa propia o a instancia de parte podrá ordenarle que muestre causa por la cual no deba imponérsele una sanción. La orden informará de las reglas, reglamentos u órdenes con las cuales no se haya cumplido, y se concederá un término de veinte (20) días, contados a partir de la fecha de notificación de la orden, para la mostración de causa. De no cumplirse con esa orden, o de determinarse que no hubo causa que justificare el incumplimiento, entonces se podrá imponer una sanción económica a favor de la agencia o de cualquier parte, que no excederá de doscientos (200) dólares por cada imposición separada, a la parte o a su abogado, si este último es el responsable del incumplimiento.

(b) Ordenar la desestimación de la acción en el caso del promovente, o eliminar las alegaciones en el caso del promovido, si después de haber impuesto sanciones económicas y de haberlas notificado a la parte correspondiente, dicha parte continúa en su incumplimiento de las órdenes de la agencia.

(c) Imponer costas y honorarios de abogados en los mismos casos que dispone la Regla 44 de Procedimiento Civil...”.

(Énfasis suplido y citas omitidas).
Por otro lado, es norma conocida que los procesos administrativos y las determinaciones de hechos de las agencias están cobijados por una presunción de regularidad y corrección. Misión Ind. P.R. v. J.P., 146 D.P.R. 64, 130 (1998); citando a Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987). Sin embargo, esta deferencia no equivale a la renuncia de la función revisora en instancias apropiadas y meritorias. El ejercicio de la función revisora de los tribunales apelativos se limita a determinar si la agencia actuó arbitraria, ilegal o tan irrazonablemente que su actuación constituyó un claro abuso de discreción. Reyes Salcedo v. Policía de P.R., 143 D.P.R. 85, 94 (1997).
Al ejercer su función revisora, el tribunal debe examinar primero si la actuación del organismo administrativo se ajusta al poder que le ha sido delegado, pues de lo contrario, su actuación sería ultra vires y como consecuencia nula. Asociación de Maestros v. Comisión, 159 DPR 81 (2003); Fuertes v. Administración de Reglamentos y Permisos, 134 D.P.R. 947 (1993); Viajes Gallardo v. Clavell, 131 D.P.R. 275 (1992); Del
*1037 Rey v. J.A.C.L., 107 D.P.R. 348, 355 (1978); Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218, 223-24 (1974). Los tribunales se abstendrán de avalar la interpretación de la agencia cuando haya actuado en error al aplicar la ley, actúe de forma arbitraria, irrazonable o ilegalmente, o lesione derechos constitucionales fundamentales. Hernández v. Centro Unido, 168 D.P.R. _ (2006); 2006 J.T.S. 140; P.C.M.E. v. J.C.A., supra; San Antonio Maritime v. P.R. Cement Co., 153 D.P.R. 374, 396-397 (2001).
A tenor con la normativa anteriormente expuesta, procedemos a examinar los errores señalados por Gran Meliá en su escrito de revisión.
III
Por estar íntimamente relacionados entre sí, procedemos a discutir de manera conjunta los dos errores señalados por Gran Meliá en su escrito de revisión.
En esencia, Gran Meliá solicita que se deje sin efecto la anotación de rebeldía y la resolución emitida por la OMA. Aduce que la agencia actuó de manera ultra vires al anotarle la rebeldía a Gran Meliá, sin haber agotado otras sanciones menos drásticas como la imposición de sanciones económicas a su representante legal y sin conceder una vista administrativa a esos efectos. Le asiste la razón.
En su escrito de revisión, la representación legal de Gran Meliá alega que no presentó la contestación a la querella dentro del término establecido por el reglamento administrativo por motivo de un error involuntario. Alega que presentó la querella tardíamente, toda vez que Gran Meliá y su abogada comparecieron a otro juicio que había sido pautado para el 9 de diciembre de 2008 ante el Tribunal de Primera Instancia, Sala Superior de Fajardo. Por tal razón, aduce que la contestación a la querella no se presentó ante la OMA dentro del término establecido por el reglamento por error involuntario.
Alega, además, que el 29 de diciembre de 2008, luego de recibir la moción presentada por el Sr. Álvarez López solicitando la anotación de rebeldía, la representación legal de Gran Meliá advino en conocimiento de que la contestación a la querella no había sido presentada ante la OMA. Ante tal situación, alega que presentó su contestación a la querella el 7 de enero de 2009 junto a una moción en oposición a la solicitud presentada por el Sr. Álvarez López. En dicha moción, la representación legal de Gran Meliá expuso las razones para su incumplimiento y solicitó la imposición de sanciones económicas a la abogada, al amparo de lo dispuesto por la sección 3.21 de la LPAU, 3 L.P.R.A. sec. 2170a.
De la resolución recurrida se desprende que la OMA concluyó que su reglamento administrativo tenía su base legal en la Ley Núm. 2, supra, y la jurisprudencia interpretativa de la referida ley. Por ello, ante la presentación tardía de la contestación a la querella, concluyó la OMA que procedía la anotación de rebeldía de Gran Meliá y la concesión de la cantidad reclamada en la querella. Dicho organismo administrativo determinó que el caso de Vizcarrondo Morales v. M.V.M, Inc., 175 D.P.R._, 2008 J.T.S. 184, era de aplicación al caso de marras y concluyó lo siguiente:
“En el caso que nos ocupa, el patrono no presentó contestación a la querella dentro del término establecido por ley y por la reglamentación vigente, incumpliendo con la obligación que le impone la ley respecto al peso de la prueba en casos de despido. Por lo tanto, concluimos que al no haber presentado la parte querellada prueba en contrario a las alegaciones del querellante, renunció a su derecho, por no presentar la contestación a la querella, dentro del término dispuesto, en la cual expusiera sus defensas afirmativas y limitó la jurisdicción de este Honorable al mandato expreso de ley que dispone que una vez transcurrido el término para la presentación de la querella, sin que ello ocurra, no habrá jurisdicción para procedimiento alguno más allá de anotar la rebeldía y emitir resolución.” Vizcarrondo Morales v. MVM, supra. (Énfasis suplido).
*1038 No coincidimos con su apreciación. Somos del criterio que el caso de Vizcarrondo Morales v. MVM, Inc., supra, es distinguible del caso de marras y no es aplicable como fundamento jurídico al interpretar las consecuencias jurídicas del incumplimiento del querellado con el término dispuesto por las Reglas 5.5 y 5.6 del Reglamento de la OMA. No podemos aplicarle al reglamento administrativo una interpretación realizada por el Tribunal Supremo respecto al término establecido por el legislador en la Sección Núm. 3 de la Ley Núm. 2, supra. Es decir, si la intención del legislador hubiese sido que los principios establecidos por la Ley Núm. 2, supra, le aplicaran a los términos dispuestos por el Reglamento de la OMA, así lo hubiera claramente expresado en dicha ley.
En fin, dicho reglamento fue creado por un organismo administrativo y el término señalado para presentar la contestación a la querella ante la OMA no es un término jurisdiccional. Así se desprende de la propia redacción de la Regla 5.4 (b), supra, al señalar que el querellado:
“....deberá contestar la querella en el término de diez (10) días bajo apercibimiento de que se podrá dictar resolución u orden concediendo el remedio solicitado sin más citarle ni oírle.” (Énfasis nuestro y citas omitidas).
En el caso ante nos, a pesar de que la contestación a la querella fue presentada luego de transcurrido el término establecido por el reglamento administrativo, no procedía que la OMA ordenara automáticamente la anotación de rebeldía y la imposición de las cuantías alegadas en la querella. Incidió la OMA al así proceder.
Como hemos señalado anteriormente, el estado de derecho en Puerto Rico es que el mecanismo de la rebeldía, por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas, sólo se debe reservar para casos extremos en los cuales no haya duda de la irresponsabilidad o contumacia de la parte contra quien se toman las medidas drásticas. El incumplimiento con el trámite procesal por una parte debe ser castigado primeramente mediante la imposición de sanciones económicas y la sanción extrema de la desestimación o la anotación de la rebeldía debe estar reservada para aquellas situaciones donde no exista duda sobre la falta de interés o contumacia de la parte y se hayan agotado otras alternativas.
Del expediente surge que la vista administrativa y la copia de la querella fueron notificadas a las partes el 25 de noviembre de 2008. En la resolución recurrida, la OMA determinó como un hecho probado que la representación legal de Gran Meliá recibió dicha notificación el 4 de diciembre de 2008. Es decir, la OMA tomó como punto de partida para computar el término de la presentación de la querella la fecha del 4 de diciembre de 2008. Por ello, determinó que el término para la presentación de la contestación de la querella venció el 15 de diciembre de 2008.
No obstante al hecho de que Gran Meliá presentó su contestación a la querella el 7 de enero de 2009, existía justa causa para tal proceder. Del expediente se desprende que la representación legal de Gran Meliá le informó a la OMA que la presentación tardía de la contestación a la querella fue por causa de un error involuntario de la abogada de Gran Meliá y por causa de la temeridad de su cliente.
Como bien alega Gran Meliá en su escrito de revisión y así se desprende del expediente, dicho patrono había tenido una participación activa y diligente en los procedimientos de investigación y mediación celebrados ante la OMA. Se desprende, además, que Gran Meliá le informó al TPI las razones para su incumplimiento mediante las mociones presentadas el 7 de enero de 2009 y el 21 de enero de 2009. Tales acciones evidenciaron su interés de presentar sus defensas a las alegaciones imputadas por el Sr. Alvarez López en su querella, así como su interés de explicar las razones para el incumplimiento con el término dispuesto por el reglamento administrativo.
Somos del criterio que en el caso de marras, la presentación tardía de la contestación a la querella no
*1039 demuestra un incumplimiento craso o contumacia de parte de Gran Meliá. Entendemos que los argumentos alegados por Gran Meliá en su escrito de revisión constituyen justa causa para la dilación en la presentación de la contestación de la querella ante la OMA. Resolvemos que a la luz de ello, la OMA actuó de manera arbitraria al anotarle automáticamente la rebeldía a Gran Meliá cuando existían otras sanciones menos drásticas para sancionar dicho incumplimiento.
Como es sabido, la tendencia establecida por nuestros tribunales ha sido la de imponer en primera instancia sanciones económicas contra aquella parte que observa una conducta censurable y postergar la imposición de sanciones drásticas y severas como último recurso, de manera que no se le prive al litigante de su día en corte. Nazario Morales, Rivera Vargas v. AEE, supra; Ghigliotti v. Administración de Servicios Agrícola, supra; Valentín v. Mun. de Añasco, supra; Amaro González v. First Federal Savings, supra.
Conforme a la doctrina anteriormente discutida, instruimos a la OMA que, en aquellos casos en los que se presente tardíamente una contestación a la querella, deberá determinar si existió justa causa para tal dilación y deberá brindarle al quérellado una oportunidad para que presente sus argumentos al respecto. Además, según lo amerite cada caso, deberá postergar la anotación de la rebeldía a un remedio de último recurso, luego de haber emitido otras sanciones menos drásticas con el fin de corregir la falta de diligencia de la parte o de su representación legal.
De otro lado, le recordamos a la OMA nuestro estado de derecho, a saber, que antes de dictar una resolución en rebeldía deberá permitir la presentación de la evidencia de los daños y la presentación de la prueba de las cuantías reclamadas en la querella ante su consideración. Le recordamos, además, que la parte afectada por la anotación de rebeldía, le cobija el derecho de conocer el señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte contraria, impugnar la cuantía reclamada y apelar la sentencia en su contra. Véase: Hernández v. Espinosa, supra, a la pág. 272.
A tenor con los fundamentos expresados, determinamos que incidió la OMA al ordenar la anotación de rebeldía de Gran Meliá y al emitir una resolución concediendo todas las cuantías reclamadas en la querella.
IV
Por los fundamentos anteriormente discutidos, revocamos la resolución recurrida y ordenamos a la OMA que deje sin efecto la anotación de rebeldía de Gran Meliá.
La OMA deberá citar a las partes para una vista en su fondo, de manera que las partes tengan la oportunidad de presentar toda la prueba que sustente sus respectivas alegaciones.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
María Elena Pérez Ortiz Secretaria del Tribunal de Apelaciones